IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOY E. MIHELICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1520 |
| | ) | |
| PATRICK R. DONAHOE, | ) | Judge Cathy Bissoon |
| *Postmaster General,* | ) | |
| *UNITED STATES POSTAL SERVICE,* | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Postmaster General of the United States Postal Service ("USPS") Patrick R. Donahoe's Motion to Strike Plaintiff's Jury Demand and Her Requests for Attorneys' Fees and Punitive and Compensatory Damages as to Her ADEA Claims (Doc. 4). For the reasons stated herein, the Court will grant in part and deny in part Defendant's motion.

Plaintiff asserts two claims, one under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for discrimination against her on the basis of race (Caucasian) and gender (female), and the other under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, for discrimination against her on the basis of age. Def. Mot. to Strike ¶ 1 (Doc. 4). There is no Seventh Amendment right to a jury trial in actions against the federal government. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). A right to a jury trial in these actions only exists when the Government has "unequivocally expressed" that such a right exists. Id. (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)).

The statutory language of the ADEA does not confer the right to trial by jury on ADEA plaintiffs suing the federal government. Id. at 165. While the ADEA expressly provides for jury trials against private employers and state and local governments, 29 U.S.C. § 626(c), the section

1

of the Act authorizing civil actions against the federal government, 29 U.S.C. § 633a, contains no such provision. Id. at 162. Accordingly, there is no statutory right to a jury trial in ADEA actions against the federal government.[1] Id.

The Third Circuit case cited by Plaintiff does not alter this conclusion. In EEOC v. Corry Jamestown Corp., 719 F.2d 1219, 1224-25 (3d Cir. 1983), the Court of Appeals held that the right to a jury trial existed where the EEOC, a federal entity, sued a private employer on behalf of an individual. The instant case involves an individual suing a federal entity (i.e., the USPS). Corry Jamestown Corp. is, therefore, inapplicable to the matter at hand.

Because Plaintiff withdrew her demand for attorney's fees and punitive and compensatory damages with respect to her ADEA claim in her amended complaint (Doc. 8), Defendant's motion to strike these requests for relief is denied as moot.

For the reasons stated above, the Court hereby **ORDERS** that Defendant's Motion to Strike Plaintiff's Jury Demand and her Requests for Attorneys' Fees and Punitive and Compensatory Damages as to her ADEA claims (Doc. 4) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion to strike Plaintiff's jury demand as to her ADEA claim is **GRANTED**. Defendant's motion is denied as moot in all other respects.

　　**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　s/ Cathy Bissoon
　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　United States District Judge

June 25, 2012

cc (via e-mail):

All counsel of record.

---

[1] If Plaintiff still wishes to have an advisory jury on the question of which prohibited classification caused the alleged discrimination, Plaintiff may make that request closer to trial, and the Court will consider the issue then.